UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS R. EASTMAN,

      Petitioner,

    v.

JOSIE GASTELO,

      Respondent.

Case No. 17-cv-02158-JCS (PR)

**ORDER TO SHOW CAUSE**

### INTRODUCTION

Petitioner, who consented to magistrate judge jurisdiction (Pet. at 7), seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

In response to the petition, respondent shall file an answer or a dispositive motion on or before **September 12, 2017**.

### BACKGROUND

According to the petition, in 1982, a Contra Costa Superior Court jury convicted petitioner of second degree murder and the use of a deadly weapon. Consequent to these convictions, he was sentenced to 15 years to life in state prison.

### DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall

"award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the statutes under which he was convicted and sentenced are now "void for vagueness" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016); (2) there was insufficient evidence that he possessed the requisite state of mind to commit second degree murder; and (3) the trial court made an erroneous ruling and failed to properly instruct the jury. When liberally construed, these claims are cognizable on federal habeas review.

**While the first claim may be timely, the second and third are likely untimely under AEDPA. Respondent is directed to consider whether the claims are untimely. If she concludes that they are, she may file a motion to dismiss on such grounds, though she is not required to do so.**

### CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent or declination to consent form on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before September 12, 2017, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse

2

with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before September 12, 2017, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid.

**IT IS SO ORDERED.**

**Dated:** July 10, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS R. EASTMAN,

        Plaintiff,

    v.

JOSIE GASTELO,

        Defendant.

Case No. 17-cv-02158-JCS

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on July 10, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas R. Eastman ID: C-46268
California Men's Colony East
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: July 10, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO